1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                       CENTRAL DISTRICT OF CALIFORNIA
10                           WESTERN DIVISION
11   THOMAS LEE GLEASON JR.,          )  No. CV 15-1055-CBM (DFM)
                                      )
12                    Petitioner,     )
                                      )  ORDER TO SHOW CAUSE
13          v.                        )
                                      )
14                                    )
                                      )
15   E. ARNOLD, Warden,               )
                                      )
16                    Respondent.     )
                                      )
17                                    )
                                      )
18
19          On February 12, 2015, Petitioner Thomas Lee Gleason Jr. ("Petitioner")
20   filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this
21   Court, raising five grounds for relief. Dkt. 1 ("Petition") at 5, 20.[1] According to
22   the face of the Petition, a Los Angeles County Superior Court jury convicted
23   Petitioner of one count of carjacking and one count of second degree burglary.
24   Id. at 2. Petitioner was sentenced to 23 years, eight months in state prison. Id.
25   ///
26   ///
27   _____
          [1] All citations to the Petition are to the CM/ECF pagination.
28

**A.      The Petition Is Facially Untimely**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1).

Although Petitioner omits any date information from his Petition, the Court's review of Westlaw and the California Appellate Courts' Case Information website, http://appellatecases.courtinfo.ca.gov/search/case, shows that Petitioner's conviction became final in 2005. Petitioner's direct appeal from his conviction and sentence was rejected on September 7, 2005. See People v. Gleason, No. B173701, 2005 WL 2143114 (Cal. Ct. App. Sept. 7, 2005). Here, the California Supreme Court denied Petitioner's petition for review on November 16, 2005. Petitioner does not appear to have filed a petition for writ of certiorari in the Supreme Court. Therefore, his conviction became final 90 days later, on February 14, 2006. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner then had one year from the date his judgment became final on February 14, 2006, until February 14, 2007, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until February 12, 2015, almost eight years too late.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made

1  retroactively applicable to cases on collateral review. Finally, it does not

2  appear that Petitioner has any basis for contending that he is entitled to a later

3  trigger date under § 2244(d)(1)(D) because it appears from the face of the

4  Petition that Petitioner was aware of the factual predicate of all his claims at

5  the time of his trial in 2002. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th

6  Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or

7  through diligence could discover) the important facts, not when the prisoner

8  recognizes their legal significance").

9  **B.      It Does Not Appear that Petitioner Is Entitled to Sufficient Statutory**

10         **Tolling to Make the Petition Timely**

11         Petitioner's conviction became final on February 14, 2006. It appears

12  that Petitioner filed a petition for writ of habeas corpus in the Los Angeles

13  County Superior Court sometime before November 6, 2006. See Petition at

14  100. If Petitioner filed his state habeas petition in the superior court in October

15  or November 2006, he is not entitled to any gap tolling for the period between

16  the date his conviction became final on February 14, 2006 and any such filing

17  date because this delay of eight or nine months would not be "reasonable." See

18  Evans v. Chavis, 546 U.S. 189, 191-92 (2006); see also Velasquez v. Kirkland,

19  639 F.3d 964, 968 (9th Cir. 2011) (finding that 30- to 60-day delays in seeking

20  habeas relief from the next highest state court were "reasonable" under

21  Chavis).

22         The Los Angeles County Superior Court denied the habeas petition on

23  November 6, 2006. Petition at 100. Therefore, as of that date, Petitioner had

24  approximately three months left in the one-year limitations period. Petitioner

25  then filed a habeas corpus petition in the California Court of Appeal on March

26  13, 2007.[2] However, Petitioner is not entitled to any gap tolling for the127-day

27  ─────────────

28         [2] The Court has obtained the information regarding Petitioner's state

1 period between the denial of his habeas petition by the Los Angeles County

2 Superior Court and his filing of a habeas petition in the California Court of

3 Appeal because it is not a reasonable delay under Chavis and Velasquez. See,

4 e.g., Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (delays of

5 101 and 115 days unreasonable). Nor is Petitioner entitled to statutory tolling

6 for any of his other state habeas petitions because they were all filed after the

7 federal filing deadline had already lapsed. See, e.g., Ferguson v. Palmateer,

8 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the

9 reinitiation of the limitations period that has ended before the state petition

10 was filed," even if the state petition was timely filed); Jimenez v. Rice, 276

11 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99

12 (9th Cir. 2001).

13      Accordingly, it appears that Petitioner is not entitled to sufficient

14 statutory tolling to make the Petition timely filed in this Court.

15 **C.**     **Petitioner Does Not Appear to Be Entitled to Any Equitable Tolling**

16      The Supreme Court has held that AEDPA's one-year limitation period is

17 also subject to equitable tolling in appropriate cases. See Holland v. Florida,

18 560 U.S. 605, 645 (2010). However, a habeas petitioner is entitled to equitable

19 tolling only if he shows (1) that he has been pursuing his rights diligently; and

20 (2) that "some extraordinary circumstance stood in his way." See Pace v.

21 DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649.

22 Here, Petitioner does not allege that any circumstances exist which would

23 establish a right to equitable tolling.

24 *///*

25 *///*

26 ───────────────────────────────────────

habeas petitions from the California Appellate Courts Case Information

27 website, http://appellatecases.courtinfo.ca.gov/search/case.

28

**D.      Conclusion**

A district court has the authority to raise the statute of limitations issue <u>sua</u> <u>sponte</u> when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before April 6, 2015, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated: March 03, 2015

**DOUGLAS F. McCORMICK**
_____
DOUGLAS F. McCORMICK
United States Magistrate Judge